```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

UNITED STATES OF AMERICA,    )
                             )
    Plaintiff,               )
                             )                  Action No.
v.                           )                  5:14-cr-117-JMH
                             )
                             )
MARQUINO RAYDALE COLLINS,    )                  **MEMORANDUM OPINION**
                             )
    Defendant.               )
                             )

                                        *** *** ***

This matter is before the Court upon Defendant Marquino Raydale Collins' objection to paragraph 15 of the draft presentence report in which the probation officer recommends a four level increase in Collins' Guidelines calculation pursuant to U.S.S.G. § 2K2.1(b)(6)(b) on the grounds that, even if Collins did fire a weapon 3 to 5 times in the air, his conduct does not constitute felony wanton endangerment under Kentucky law but would be, instead, wanton endangerment in the 2nd degree, a misdemeanor.

Under Kentucky law, a person commits felony wanton endangerment when that person acts "under circumstances manifesting extreme indifference to the value of human life" and "engages in conduct which creates a substantial danger of death or serious physical injury to another person."

KRS § 508.060(1). Misdemeanor wanton endangerment requires that a person wantonly engages in conduct which creates a substantial danger of physical injury to another person. KRS § 508.070(1).

Defendant insists that this case is like more like that in *Swan v. Commonwealth*, 384 S.W.3d 77 (Ky. 2012), than the matter presented in *Key v. Commonwealth*, 840 S.W.2d 827 (Ky. 1992). In *Swan*, the evidence was insufficient to support a conviction of felony wanton endangerment because the defendant fired his weapon in the living room while the victim was in a back bedroom and the shots were fired away from the victim or into the ceiling. *Swan*, 384 S.W.3d at 102-04. In *Key*, the evidence was sufficient to support a conviction for felony wanton endangerment where the defendant pointed a weapon at the victim and fired twice near the victim's feet causing gravel to fly up and strike the victim. *Key*, 840 S.W.2d at 828-29.

The Court is not persuaded that *Swan* directs such a conclusion on the facts before this Court. Rather, *Swan* explains -- contrary to Defendant's argument that the case requires that the firearm must be pointed at or fired in the direction of a victim to be a felony -- that firing a gun very near another person or into an occupied car or house is a clear example of behavior sufficient to constitute the crime of first-degree wanton endangerment under Kentucky law, although it is not the only example of behavior which might support such a

conviction. In fact, there is strong support in Kentucky law through both *Swan* and *Key*, for the concept that firing a gun "near" (which is to say in the immediate vicinity of and not necessarily at or in the direction of) a victim is sufficient factual basis for a finding that a defendant committed first degree wanton endangerment. The Court of Appeals for the Sixth Circuit has reached the same conclusion on fact patterns similar to the one at bar, namely firing a weapon in the air near a populated apartment complex, *see United States v. Kelley*, 585 Fed. App'x 310, 311 (6th Cir. 2014) (unpublished) (applying Kentucky law regarding wanton endangerment in evaluating the application of a four-level enhancement pursuant to 2K2.1(b)(6)(b)) and *United States v. Maxon*, 250 Fed. App'x 129, 132-33 (6th Cir. 2007) (unpublished) (applying Tennessee law regarding felony reckless endangerment in evaluating the application of a four-level enhancement pursuant to 2K2.1(b)(6)(b)) and, in the case of *Kelley*, in the vicinity of children.

In light of the case law, the Court concludes that, when Defendant approached his ex-girlfriend in the area outside of her apartment complex, propositioned her for sex, threatened to kill her when she declined, then pulled out a firearm and fired multiple shots into the air in close proximity to her young child, he "engaged in conduct which creates a substantial danger

of death or serious physical injury to another person" and did so "under circumstances manifesting extreme indifference to the value of human life." Thus, the four-level increase in his Guidelines calculation is warranted on the grounds that his use or possession of the ammunition was in connection with another felony offense because his actions constitute "another felony offense," i.e., first degree wanton endangerment, under Kentucky law.

This the 13th day of April, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge